UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MICHAELLA OKON
on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

       -against-


TELERECOVERY CORPORATION

                              Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Michaella Okon seeks redress for the illegal practices of Telerecovery Corporation, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Kenner, Louisiana.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Michaella Okon*

9. The Defendant was attempting to collect on a debt that was allegedly owed by the Plaintiff's mother, purportedly to an entity by the name of Bisso Miller LLC.

10. The Plaintiff, Ms. Okon was a simply a go-between and an interpreter on behalf of her mother, and had disputed the said debt on her mother's behalf in the past with Bisso Miller LLC.

11. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect the alleged debt from the Plaintiff, instead of from her mother.

12. The said debt also hit the Plaintiff's credit and substantially lowered her credit score.

13. Sometime in early 2020, on a date better known to the Defendant, Defendant contacted Plaintiff Michaella Okon via telephone.

14. During the telephone call, Plaintiff informed the Defendant that the alleged debt the Defendant was attempting to collect had nothing to do with her.

15. The Plaintiff herself has and never had any contractual relationship with Bisso Miller LLC.

16. Defendant had knowledge from its client, Bisso Miller LLC, that the debt was not owed by Plaintiff Michaella Okon, and that it was disputed.

17. When communicating about the debt with the Plaintiff, and when reporting the debt to the credit bureaus, Defendant failed to report the disputed debt as disputed in violation of 15 U.S.C. § 1692e(8).

18. The balance that Defendant was seeking to collect was therefore non-existent; Defendant made Plaintiff believe that she in fact owed such an amount to Bisso Miller LLC when it was not the case.[1]

19. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

20. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

21. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

---

[1] Vangorden v. Second Round, L.P., 897 F.3d 433 (2d Cir. 2018). Consumer stated a claim under §§ 1692e(2), 1692e(10), and 1692f(1) when she alleged that a collection letter falsely stated that she owed a debt and then requested payment on the alleged debt. Rejecting an argument by the collector that § 1692g shielded it from liability, the Second Circuit held that "nothing in the text of the FDCPA suggests that a debtor's ability to state a § 1692e or § 1692f claim is dependent upon the debtor first disputing the validity of the debt in accordance with § 1692g." Finally, the court concluded that a letter misstating "the very existence" of a debt can mislead the least sophisticated consumer regardless of the intent of the collector.

22. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[2]

23. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

24. Furthermore, section 1692g of the FDCPA provides:

> a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. At no point, after receiving the said telephone call from the Defendant, did the Plaintiff,

---

[2] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

-4-

or her mother for that matter, ever receive a 1692g mandated validation notice.

26. Section 1692g affords the consumer thirty days to dispute a debt and obtain verification, yet no such notice of those rights was given to the Plaintiff.

27. By demanding payment during the Plaintiff's thirty-day validation period without advising the Plaintiff that such a demand does not overshadow the Plaintiff's right to dispute the debt or request validation thereof, violated 15 U.S.C. § 1692g of the FDCPA.

28. The least sophisticated consumer would assume after receiving such a telephone call, that he or she has no option to dispute his or her debt or obtain verification thereof.

29. Upon information belief, it is the pattern and practice of the Defendant not to send validation notices to debtors within five days of an initial communication or even within thirty days of an initial communication.

30. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5) for failing to comply with the validation notice requirements.

31. At some point thereafter, the Plaintiff's employer was contacted by the Defendant and informed as to the reason of Defendant's call.

32. Such a disclosure of information is in violation of 15 U.S.C. § 1692c(b) of the FDCPA.

33. 15 U.S.C. 1692b of the FDCPA states:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, **only if expressly requested, identify his employer**; the letter was not allowed to identify the collection agency. (emphasis added)

34. The information sought by the Defendant went well beyond "location information," asking for information about his job and whether he is employed and asking whether he is

independently contracted and where he is presently employed. See <u>Shand-Pistilli v. Prof'l Account Servs.</u>, No. 10-CV-1808, 2010 U.S. Dist. LEXIS 75056, at *8 (E.D. Pa. July 26, 2010) ("[A] debt collector may not seek additional information about the consumer's job including earnings information or salary, or even ask whether an individual is currently employed because such information is beyond the scope of location information.")[3]

35. The collector already knew the consumer's location information.[4]

36. Defendant's actions violated 15 U.S.C. §§ 1692b(1), 1692c(b) and 1692e(10) of the FDCPA for communicating with a person other than the consumer regarding the subject of the collection letter, for seeking information that went well beyond "location information" and for false and deceptive actions.

37. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

38. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

39. Defendant violated the Plaintiff's right not to be the target of misleading debt collection

---

[3] <u>Henderson v. Eaton</u>, CIVIL ACTION NO: 01-0138 SECTION: "R"(2), 2001 U.S. Dist. LEXIS 13243, at *7 (E.D. La. Aug. 23, 2001) ("Defendant's inquiry whether plaintiff was currently employed, and if not, the name of her present employer, could imply the existence of a debt."); <u>Shaver v. Trauner</u>, 1998 WL 3533712 (C.D. Ill. May 29, 1998). (Motion to dismiss denied where simultaneously with the initial demand letter, the attorney faxed consumer's employer seeking information about his employment such as his date of hire, his position, whether he was a full or part time employee, whether he was salaried or on commission, and the address of the employer's payroll department. The fax went well beyond location information and thus violated the FDCPA.); <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 656 n.23 (S.D.N.Y. 2006) ("The scope of the term "communication" has been addressed in other contexts as well, including under § 1692c(b), which regulates communications between debt collectors and third parties (people other than the debtor). Thus, "to be prohibited, the third party communication need only be 'in connection with the collection of a debt.'" *Henderson v. Eaton,* 2001 U.S. Dist. LEXIS 13243, No. Civ. A. 01-0138, 2001 WL 969105, at *2 (E.D. La. Aug. 23, 2001). This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). *See, e.g., Henderson,* 2001 U.S. Dist. LEXIS 13243, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose).")

[4] <u>Kempa v. Cadlerock Joint Ventures, L.P.</u>, 2011 WL 761500 (E.D. Mich. Feb. 25, 2011). (The court rejected the collector's location information exception defense to § 1692c(b) because the collector in fact knew the consumer's location information and contacted the third parties only because the consumer "had been unresponsive to all of [the collector's] letters and messages."); <u>Gasser v. Allen County Claims & Adjustment, Inc.</u>, 1983 U.S. Dist. LEXIS 20361 (N.D. Ohio Nov. 2, 1983) (section 1692b did not provide excuse for falsely threatening to contact consumer's employer since collector knew where consumer lived and worked)

communications.

40. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

41. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

44. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

46. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty-five (45) as if set forth fully in this cause of action.

47. This cause of action is brought on behalf of Plaintiff and the members of three classes.

48. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic communications from the Defendant; (a) the telephone calls were made to a consumer seeking payment of a debt; and (b) and Plaintiff asserts that the Defendant's actions violated 15 U.S.C. §§ 1692e(2)(A), 1692e(8) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law and for failing to report the disputed debt as disputed.

49. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic communications from the Defendant; (a) the telephone calls were made to a consumer seeking payment of a debt; and (b) and Plaintiff asserts that Defendant's actions violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5) for failing to comply with the validation notice requirements.

50. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic communications from the Defendant; (a) the telephone calls were made to a consumer seeking payment of a debt; and (b) and Plaintiff asserts that Defendant's actions violated 15 U.S.C. §§ 1692b(1), 1692c(b) and 1692e(10) of the FDCPA for communicating with a person other than the consumer regarding the

subject of the collection letter, for seeking information that went well beyond "location information" and for false and deceptive actions.

51. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such telephone calls (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

52. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

      Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

53. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

54. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

55. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

56. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 22, 2020

   /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

-11-